NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0112n.06

Case No. 23-1783

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Feb 27, 2025

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| NEIL THOMAS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SILER, KETHLEDGE, and BUSH, Circuit Judges.

**SILER, Circuit Judge.** Defendant Neil Thomas appeals the district court's denial of his motion to withdraw his guilty plea to various drug-related charges. The United States moves to dismiss Thomas's appeal based on an appellate waiver in his plea agreement. We grant the United States's motion and dismiss Thomas's appeal.

**I.**

On October 2, 2019, Neil Thomas pleaded guilty to conspiracy to possess with intent to distribute controlled substances, possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking crime, and conspiracy to commit money laundering, in exchange for the dismissal of related charges. Thomas signed a plea agreement, which contained the following appellate waiver:

> The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed life, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least life, the government waives

any right it may have to appeal the defendant's sentence. This waiver does not bar filing a claim of ineffective assistance of counsel in court.

At Thomas's change-of-plea hearing, the district court explained the charges against Thomas and their elements, the factual basis for each charge, potential sentences, and his confrontation and jury trial rights. Thomas, under oath, admitted to the factual basis of the charges and said he understood the rights he was waiving. The district court then reviewed the plea agreement's terms but failed to mention the appellate waiver until the United States raised the point. After the United States's reminder, the district court asked Thomas, "Do you understand that since you can't get more than life, you're waiving your right to appeal?" The United States immediately clarified the provision, explaining: "He's waiving his right to appeal his conviction on any grounds, as well as the sentence, essentially, on any grounds. However, this Plea Agreement does not prohibit him from filing a motion for ineffective assistance under 2255." The district court then had the following exchange with Thomas:

> THE COURT: Okay. All right. You got all that?
> THE DEFENDANT: Yes, sir.
> THE COURT: You've been here for a long time.
> THE DEFENDANT: Yes, sir, I got it all. I understand.
> THE COURT: You're not going to be tested on it, but you're going to live it, you understand that?
> THE DEFENDANT: Yes, sir.

Thomas agreed that no one threatened him to plead guilty, said that it was "[his] choice and [his] choice alone[,]" and admitted his guilt. He also said that he discussed the plea deal with one or both of his attorneys and that he was satisfied with their performance.

Weeks later, on October 28, 2019, Thomas sent a letter to the court requesting to withdraw his plea because he had reviewed his signed plea agreement and believed he was innocent of some

of the charges. He also accused his attorney of not showing him discovery and pressuring him to take the plea. Thomas filed a motion to withdraw in November 2021, but the district court denied it pending a competency evaluation. After the district court determined that Thomas was competent, he refiled the motion, which the district court denied because he could not show a fair and just reason to withdraw his plea.

Thomas appeals the denial of his motion to withdraw, and the United States moves to dismiss his appeal based on the appellate waiver.

## II.

Defendants may waive their right to appeal in a plea agreement. *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012). Thomas's appeal of the district court's denial of his motion to withdraw falls within the scope of his waiver of his right to appeal his conviction on any grounds, so we consider only whether the waiver was valid. *Id.* at 377–79.

Thomas challenges the waiver on two grounds. He argues that his guilty plea was the product of ineffective assistance of counsel and that it was not knowing and voluntary because the district court's explanation of the appellate waiver confused him.

## A.

We decline to address Thomas's ineffective assistance of counsel claim on direct appeal. "[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because "on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). Indeed, "when defendants need evidentiary support for their ineffective-assistance claims, we generally channel those claims to the venue in which they can

3

present this evidence: post-conviction proceedings under 28 U.S.C. § 2255." *United States v. Ellis*, 115 F.4th 497, 503 (6th Cir. 2024).

Thomas claims that his plea counsel pressured him into pleading guilty, withheld discovery and alternative defense strategies, and failed to discuss the plea agreement with him before the hearing. But Thomas has not pointed us to any record evidence of the timing and substance of his conversations with plea counsel. And during his plea hearing, Thomas said under oath that he understood the consequences of his plea, chose to plead guilty, discussed the plea deal with his attorneys, and was satisfied with their performance. Those statements, made under oath in open court, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His assertions to the contrary provide insufficient support for us to evaluate his ineffective-assistance claim. *See Ellis*, 115 F.4th at 503 ("The record leaves unclear how much time Ellis's lawyer spent discussing this plea agreement with him. So if Ellis seeks to pursue this claim, he should file an evidence-backed § 2255 motion."); *United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012) (same).

**B.**

We reject Thomas's argument that the district court's explanation of the appellate waiver confused him. Thomas accuses the district court of intentionally omitting discussion of the appellate waiver and argues that as a result, he was confused about whether there was one. The record contradicts his account. Although the United States had to remind the district court that the plea agreement contained an appellate waiver, the district court acknowledged that it did. The United States then explained the terms, and the district court asked Thomas if he understood. He responded "yes" and "I understand[,]" which "suffice[d] to show that [he] acted in a knowing and voluntary way." *Ellis*, 115 F.4th at 501–02. Thomas faults the district court for not explaining the

waiver itself, but either a district court or a prosecutor can explain it so long as the explanation was accurate and performed in open court, which Thomas admits. *See United States v. Sharp*, 442 F.3d 946, 950–52 (6th Cir. 2006)**.**

### III.

For the above reasons, we dismiss Thomas's appeal.